UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEVARIEN Z. DUNLAP,<br><br>    Plaintiff,<br><br>v.<br><br>BAY AREA RAPID TRANSIT,<br><br>    Defendant. | Case No. 25-cv-08643-JCS<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED** |

## I.  INTRODUCTION

Plaintiff Jevarien Dunlap, pro se, applied to proceed in forma pauperis and the Court granted his application. Dkt. no. 5. The Court now reviews the sufficiency of Plaintiff's complaint to determine whether it satisfies 28 U.S.C. § 1915(e)(2)(B). Because the complaint does not appear to plausibly state a claim, Plaintiff is ORDERED TO SHOW CAUSE why the complaint should not be dismissed. Plaintiff may file either an amended complaint or a response to this order addressing why his complaint is sufficient, no later than **December 10, 2025**. The Case Management Conference set for January 7, 2026 is vacated.

## II.  ALLEGATIONS OF THE COMPLAINT[1]

Plaintiff has filed a form complaint naming as defendants: 1) Bay Area Rapid Transit; 2) Northern California; 3) Oakland, California and 4) San Francisco, California. He states that he is asserting a claim under the False Claims Act. The only substantive allegation in the complaint is as follows: "I was aware that BART opened and started functions at 5 am due to a poster in

---

[1] Because the factual allegations of a plaintiff's complaint are generally taken as true in the context of determining whether the complaint states a claim, this section summarizes Plaintiff's allegations as if true. Nothing in this order should be construed as resolving any issue of fact that might be disputed at a later stage of the case

1  Millbrae but instead they opened at 7 am." Compl. at 4.  Plaintiff seeks a "reward" of $160,000.

2  *Id.*

## III. ANALYSIS

### A. Legal Standards Under 28 U.S.C. § 1915 and Rule 12(b)(6)

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed in forma pauperis, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996).

To state a claim for relief, a plaintiff must make "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Further, a claim may be dismissed for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6); *see also Diaz v. Int'l Longshore and Warehouse Union, Local* 13, 474 F.3d 1202, 1205 (9th Cir. 2007).  In determining whether a plaintiff fails to state a claim, the court takes "all allegations of material fact in the complaint as true and construe[s] them in the light most favorable to the non-moving party." *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007).  However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions [and] mere conclusory statements," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (internal quotation marks omitted).  The complaint need not contain "detailed factual allegations," but must allege facts sufficient to "state a claim to relief that is plausible on its face."  *Id.* at 678 (citing *Twombly*, 550 U.S. at 570).

Where the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies in the complaint could not be cured by

2

1  amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds
2  by statute, as recognized in *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc).  Further,
3  when it dismisses the complaint of a pro se litigant with leave to amend, "the district court must
4  provide the litigant with notice of the deficiencies in his complaint in order to ensure that the
5  litigant uses the opportunity to amend effectively." *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d
6  1258, 1261 (9th Cir. 1992)).  "Without the benefit of a statement of deficiencies, the pro se litigant
7  will likely repeat previous errors." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th
8  Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

**B.    Discussion**

The federal False Claims Act,  31 U.S.C. §§ 3729-3733 ("FCA"), "allows private individuals, referred to as 'relators,' to bring suit on the Government's behalf against entities that have violated the [FCA's] prohibitions." *U.S. ex rel. Mateski v. Raytheon Co.*, 816 F.3d 565, 569 (9th Cir. 2016) (citing 31 U.S.C. § 3730(b)(1)).  "Such suits are commonly called qui tam suits." *Id*.  In a qui tam suit, the relator asserts the FCA claim "on behalf of the government, which may choose to intervene in the action" and "[i]f the relator is successful, she is entitled to a share of the recovery, whether or not the government intervenes." *Seal 1 v. Seal A*, 255 F.3d 1154, 1158 (9th Cir. 2001) (citing 31 U.S.C. §§ 3730(d)(1), (2)).

The FCA provides that any person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval," or who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim" is liable for a civil penalty "plus 3 times the amount of damages which the Government sustains because of the act of that person." 31 U.S.C. § 3729(a)(1)(A)-(B).  The elements of an FCA claim are: "'(1) a false statement or fraudulent course of conduct, (2) made with scienter, (3) that was material, causing (4) the government to pay out money or forfeit moneys due.'" *United States Ex Rel. Rose v. Stephens Inst.*, 909 F.3d 1012, 1017 (9th Cir. 2018), *cert. denied sub nom. Stephens Inst. v. U.S. ex rel. Rose*, 139 S. Ct. 1464 (2019) (quoting *United States ex rel. Hendow v. University of Phoenix*, 461 F.3d 1166 (9th Cir. 2006)).

Although Plaintiff may have alleged a false statement, he has not alleged that it was made

3

with scienter or that it was material to any payment of money by the government. Therefore, he has not stated a claim under the FCA. Nor is any other viable claim apparent from the face of the Complaint.

Plaintiff's claim is also subject to dismissal because "a pro se relator cannot prosecute a qui tam action on behalf of the United States." *Stoner v. Santa Clara Cnty. Off. of Educ.*, 502 F.3d 1116, 1127 (9th Cir. 2007).

## IV.   CONCLUSION

For the reasons discussed above, Plaintiff is ORDERED TO SHOW CAUSE why this case should not be dismissed on the basis that he has not stated any viable claim. Plaintiff may respond by filing either an amended complaint that addresses the deficiencies discussed above or a response that addresses why her current complaint is sufficient. Plaintiff's response shall be filed by **December 10, 2025**. If Plaintiff does not file a response by that date, the case will be reassigned to a United States district judge with a recommendation that it be [partially] dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Any amended complaint must include the caption and civil case number used in this order (25-cv-8643) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaint, any amended complaint may not incorporate claims or allegations of Plaintiff's original complaint by reference, but instead must include all of the facts and claims Plaintiff wishes to present and all of the defendants he wishes to sue.

Plaintiff, who is not represented by counsel, is encouraged to consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses for assistance. The San Francisco Legal Help Center office is located in Room 2796 on the 15th floor at 450 Golden Gate Avenue, San Francisco, CA 94102. The Oakland office is located in Room 470 S on the 4th floor at 1301 Clay Street, Oakland, CA 94612. Appointments can be made by calling (415) 782-8982 or emailing federalprobonoproject@sfbar.org. Lawyers at the Legal

United States District Court
Northern District of California

Help Center can provide basic assistance to parties representing themselves but cannot provide legal representation.

**IT IS SO ORDERED.**

Dated:  November 11, 2025

_____
JOSEPH C. SPERO
United States Magistrate Judge